Adam B. Nach – 013622
Allison M. Lauritson – 022185
Helen K. Santilli – 032441
**LANE & NACH, P.C.**
2001 E Campbell Avenue, Suite 103
Phoenix, AZ 85016
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003
Email: adam.nach@lane-nach.com
Email: allison.lauritson@lane-nach.com
Email: helen.santilli@lane-nach.com

*Attorneys for Gayle Eskay Mills, Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>SEGUNDA CORP.,<br>    Debtor.<br><br>GAYLE ESKAY MILLS, CHAPTER 7 TRUSTEE,<br>    Plaintiff,<br>vs.<br>FUNDRITE, LLC, a New York limited liability company;<br>    Defendant. | (Chapter 7 Case)<br>No. 4:18-bk-03653-BMW<br>*Adv. No.*<br>**COMPLAINT TO AVOID PREFERENTIAL TRANSFERS (11 U.S.C. §§ 547, 550 AND 551)** |

Gayle Eskay Mills, Chapter 7 Trustee and Plaintiff, by and through her counsel, Lane & Nach, P.C., for her Complaint against Defendant Fundrite, LLC, respectfully alleges as follows:

## **GENERAL ALLEGATIONS**

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 547 and 550.

2. This proceeding arises in and is related to the proceeding commenced by Segunda Corp. ("**Debtor**"), under Chapter 7 of Title 11 of the United States Code.

3. This is a "core" proceeding as defined in 28 U.S.C. §§ 157(b)(2)(A), (E), (F) and (H).

4. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. Pursuant to Fed. R. Bankr. P. 7001, a proceeding to recover money or property is governed by Part VII of the Federal Rules of Bankruptcy Procedure.

6. Plaintiff consents to the jurisdiction of this Court pursuant to Fed. R. Bankr. P. 7008.

7. Plaintiff is permitted to commence this adversary proceeding on behalf of the Estate pursuant to Federal Rules of Bankruptcy Procedure, Rule 6009.

8. This case was commenced by voluntary petition filed by Debtor under Chapter 7 of Title 11 on April 9, 2018 ("**Petition Date**").

9. Debtor was duly licensed as a contractor and was authorized to engage in construction business in the State of Arizona at all times material hereto.

10. Gayle Eskay Mills is the duly appointed and acting Trustee of the Chapter 7 Estate ("**Plaintiff**").

11. Defendant Fundrite, LLC ("**Defendant**") is a New York limited liability company authorized to and doing business in the State of Arizona.

12. Defendant has caused acts or events to occur in the State of Arizona out of which this action arises.

## **GENERAL ALLEGATIONS**

13. Plaintiff hereby responds, reiterates, and reallges all of the foregoing allegations as if more fully set forth herein.

14. Based on information provided by the Debtor, within the ninety days prior to the Petition Date, Debtor made payments to Defendant in payment of an antecedent debt, in the amount totaling no less than $45,854.27 (collectively "**Preference Payment**"). Specifically, Debtor remitted the following payments to Defendant:

| DATE | AMOUNT |
|---|---|
| January 2018 (5 payments of $1,479.17) | $7,395.85 |
| February 2018 | $28,104.23 |

| | |
|---|---|
| (19 payments of $1,479.17) | |
| March 2018 (7 payments of $1,479.17) | $10,354.19 |
| TOTAL | $45,854.27 |

15. Despite demand, Defendant has failed to turnover the Preference Payment to Plaintiff.

## COUNT I - AVOIDANCE OF PREFERENCE
## 11 U.S.C. §§ 547, 550 551

16. Plaintiff hereby repeats, reiterates, and realleges all of the foregoing allegations as if more fully set forth herein.

17. The Preference Payment was made with property of the Debtor.

18. The Preference Payment constitutes a "transfer" as defined in 11 U.S.C. § 101(54).

19. Upon information and belief, the Defendant was a creditor of the Debtor pursuant to 11 U.S.C. §547(b)(1).

20. The Preference Payment was for, or on account of, an antecedent debt of the Debtor pursuant to 11 U.S.C. §547(b)(2).

21. The Preference Payment occurred within the ninety days prior to the commencement of this case, thus falling within the preference period as defined in 11 U.S.C. §547(b)(4)(A).

22. At the time of the Preference Payment, the Debtor was insolvent pursuant to 11 U.S.C. §547(f) and/or presumed to be insolvent under 11 U.S.C. §547(f).

23. Pursuant to 11 U.S.C. §547(b)(5), the effect of the Preference Payment within the ninety (90) day period prior to the Petition Date was to enable Defendant to obtain more than it would have received under Chapter 7 of Title 11, United States Code, if the Preference Payment had not occurred and had Defendant received payment of such debt to the extent provided by Title 11 of the United States Code. *See In re Fidelity Financial Services, Inc., v Richard V. Fink*, 522 U.S. 211 (1998).

24. Pursuant to 11 U.S.C. §547(b), Plaintiff may avoid the Preference Payment.

25. Pursuant to 11 U.S.C. §550, the Preference Payment, or its equivalent value, is

property of the Estate.

26. Pursuant to 11 U.S.C. §§547 and 550, Plaintiff is entitled to an order of this Court requiring Defendant to turn over the amount of the Preference Payment to Plaintiff.

27. Pursuant to 11 U.S.C. § 551, upon avoidance Preference Payment is preserved for the benefit of the Estate.

WHEREFORE, Plaintiff prays for a judgment against Defendant Fundrite, LLC as follows:

A. Avoiding the aforesaid Preference Payment as a preference pursuant to 11 U.S.C. §547(b);

B. Determining that the avoided Preference Payment is property of the Estate pursuant to 11 U.S.C. §550;

C. Awarding Plaintiff the value of the avoided transfer pursuant to 11 U.S.C. §550 in the amount of $45,854.27;

D. Preserving the Preference Payment for the benefit of the Estate upon avoidance pursuant to 11 U.S.C. § 551;

E. Awarding Plaintiff interest on said sum from the date of the Preference Payment and after until paid at the highest rate allowed by law; and,

F. For such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 1st day of May, 2019.

**LANE & NACH, P.C.**

By  */s/ Allison M. Lauritson – 022185*
    Adam B. Nach
    Allison M. Lauritson
    Helen K. Santilli
    *Attorneys for Plaintiff*